UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CHARLES MCCLENDON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 13-224-DCR-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| CLARK TAYLOR, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

In 2009, Charles McClendon was convicted by a Kenton Circuit jury of sodomy in the first degree. The same jury found the petitioner guilty of being a first-degree persistent felony offender. After unsuccessfully exhausting his state appeals, McClendon petitioned this Court for collateral relief under 28 U.S.C. § 2254. [Record No. 1] McClendon claims, *inter alia*, that: (i) he was denied due process of law when the victim's prior consistent statement was read to the jury; (ii) the trial judge committed reversible error by admitting improper character testimony; and (iii) his attorney provided ineffective counsel. [Record No. 1]

Consistent with local practice, the petition was referred to a United States Magistrate Judge for initial review and issuance of a report in accordance with 28 U.S.C. § 636(b)(1)(B). On July 31, 2014, United States Magistrate Judge Hanly A. Ingram recommended that the petition be dismissed and that no Certificate of Appealability be issued. [Record No. 16] Magistrate Judge Ingram concluded that a number of the petitioner's claims were not presented to Kentucky's highest courts and, therefore, were not

exhausted. [*Id.*] Additionally, resolution of the remaining claims did not involve an unreasonable application by the state courts of clearly-established federal law. [*Id.*]

On August 8, 2014, McClendon filed objections to the Magistrate's report. [Record No. 17] Specifically, he argues that the report held him to a higher standard than permissible and misapplied *Strickland v. Washington*, 466 U.S. 668 (1984), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). [Record No. 17, p. 5] The remainder of the petitioner's objections are a regurgitation of the claims in his petition. For the reasons discussed below, this petition will be denied and a Certificate of Appealability will not be issued with respect to any claim.

To comply with 28 U.S.C. § 636(b)(1)(c), this Court reviews *de novo* those portions of the Magistrate Judge's recommendations to which an objection is made. However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Having examined the record and having considered the matter *de novo*, the Court agrees with the Magistrate Judge's recommendations. Further, McClendon's objections are without merit.

### A. Prior Consistent Statement

McClendon's first ground for relief fails. At the petitioner's trial, the nurse who performed an examination of the victim read her report to the jury, which included the victim's account of the assault. The petitioner claims that this report improperly bolstered the victim's testimony. [Record No. 1, p. 6] Although the Supreme Court of Kentucky concluded that admission of the nurse's report as erroneous, it concluded that the error was harmless. [Record No. 1-3, p. 6] This Court may not grant McClendon's habeas petition "if the state court simply erred in concluding" that the errors were harmless; rather, "habeas

relief is appropriate only if the state court applied harmless-error review in an 'objectively unreasonable' manner." *Miller v. Colson*, 694, F.3d 691, 700 (6th Cir. 2012) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003)). McClendon has not shown that the state court's decision was an "objectively unreasonable" application of harmless-error review. This issue is properly addressed in the Magistrate Judge's Recommended Disposition. [Record No. 16, pp. 5-9]

### B. Improper Character Testimony

McClendon's claim that improper character testimony was admitted also lacks merit. The petitioner argues that the trial judge committed reversible error when he allowed a witness to testify that she was not surprised that the victim agreed to drive McClendon to the liquor store because the victim would "do anything for anybody." [Record No. 1, p. 8] This claim was addressed by the Supreme Court of Kentucky, which found no error in the admission of the testimony. [Record No. 1-3, pp. 6-7] The state court's analysis was not objectively unreasonable. *See Mitchell*, 540 U.S. at 18. The Magistrate Judge's Recommended Disposition properly addresses and disposes of this claim. [Record No. 16, pp. 9-10]

### C. Ineffective Assistance of Counsel

McClendon also makes the following claims of ineffective assistance of counsel: (i) a restatement of Ground 1, (ii) a restatement of Ground 2; (iii) failure to interview favorable witnesses; (iv) failure to present evidence of the victim's bad character; (v) failure to investigate victim's character evidence; (vi) failure to investigate the police report; and (vii) failure to file a motion to suppress evidence. [Record No. 1, pp. 9-10] However, each is lacking in merit.

Claims (i) and (ii) were not raised in the state court proceedings and, therefore, are unexhausted. A petitioner may not present unexhausted claims in a federal habeas proceeding "unless he can show cause to excuse his failure to present the claims in state courts, and actual prejudice to his defense at trial or on appeal." *Woods v. Booker,* 450 Fed. Appx. 480, 491 (6th Cir. 2011) (citing *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995)). Thus, McClendon must show cause and actual prejudice to excuse his failure to raise these claims in state court. He has failed to do so. In fact, the petitioner's only mention of these claims is the statement that "Grounds One & Two are included in this Ground." [Record No. 1, p. 9] This description is insufficient to grant relief, and the claims are procedurally defaulted.

Although McClendon raised claims (v), (vi), and (vii) before the Kentucky Court of Appeals, the state court opinion made no mention of them. [*See* Record No. 1-2] As a result, *de novo* review is appropriate. *Burton v. Renico*, 391 F.3d 764, 770 (6th Cir. 2004). However, the petitioner has not established actual prejudice resulting from these alleged errors. McClendon has not demonstrated that even if these claims were accepted they would have affected the outcome of the trial. Therefore, the claims fail.

Regarding the remainder of his claims, McClendon correctly states that, to meet his burden regarding allegations of ineffective assistance he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Record No. 17, p. 8] (quoting *Strickland,* 466 U.S. at 689) However, the state court addressed and accurately described the *Strickland* standard and properly allocated the burden to the petitioner in disposing of his ineffective assistance of counsel claims. [Record No. 1-2, pp. 4-5] The Kentucky courts reasonably concluded

that McClendon had not established deficient performance or prejudice. [*Id.*]  And this Court agrees.  Again, this analysis is accurately applied in the Magistrate Judge's Recommended Disposition.  [Record No. 16, pp. 10-21]

A Certificate of Appealability may be issued only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court's denial of the requested relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 437, 484 (2000).  However, when a court's denial is based on a procedural ruling, the movant must show that reasonable jurists "would find it debatable whether the motion states a valid claim of the denial of a constitutional right" and debatable "whether the court was correct in its procedural ruling." *Id.*  In the present case, McClendon has not made a substantial showing of a denial of a constitutional right.  Likewise, he has not demonstrated that the procedural issues he seeks to raise are debatable among reasonable jurists or that the questions are adequate to deserve encouragement to proceed further.  Therefore, a Certificate of Appealability will not be issued.

In summary, the evidence presented at trial supported the verdicts returned by the jury regarding the sodomy and persistent offender convictions.  The state courts correctly rejected McClendon's claims of ineffective assistance of counsel, due process violations, and reversible error.  Further, the petitioner's claims which were not considered by the state courts are properly summarized and explained in Magistrate Judge Ingram's Recommended Disposition.  Accordingly, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 16] is **ADOPTED** and **INCORPORATED** by reference.

2. Charles McClendon's objections to the Recommended Disposition [Record No. 17] are **OVERRULED**.

3. McClendon's Petition for Habeas Corpus Relief under 28 U.S.C. §2254 [Record No. 1] is **DENIED** and this action is **DISMISSED** from the Court's docket.

This 17th day of September, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge