UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CHARLES MCCLENDON, | ) | |
| | ) | |
|     Petitioner, | ) | Civil Action No. 2: 13-224-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLARK TAYLOR, Warden, Kentucky | ) | **MEMORANDUM OPINION** |
| State Reformatory, | ) | **AND ORDER** |
| | ) | |
|     Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Charles McClendon is serving a twenty-year term of imprisonment at the Kentucky State Reformatory in LaGrange, Kentucky following his conviction for sodomy in the first degree and being a persistent felony offender. His conviction was affirmed on appeal. Additionally, McClendon was unsuccessful in post-conviction motions filed in the state courts.

On December 23, 2013, McClendon filed this action collaterally challenging his state conviction. On September 17, 2014, this Court denied the relief sought. [Record No. 18] After rejecting all substantive claims, the Court concluded that a Certificate of Appealability was not appropriate with respect to any issue. [*Id.*, at p. 5] Following receipt of that determination, McClendon filed a Notice of Appeal together with a motion for leave to appeal *in forma pauperis* and a motion for issuance of a Certificate of Appealability. [Record Nos. 20, 21, and 22] On October 21, 2014, the undersigned denied McClendon's motion for issuance of a Certificate of Appealability. Thereafter, United States Magistrate Judge Hanly A. Ingram filed

a Recommended Disposition in which he concluded that McClendon's motion to proceed *in forma pauperis* on appeal should also be denied. [Record No. 26] That recommendation is currently pending for review.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Here, McClendon has not filed timely objections to the Magistrate Judge's Recommended Disposition. Nevertheless, having reviewed the record *de novo*, the Court agrees with the Magistrate Judge's conclusions concerning McClendon's motion to proceed on appeal *in forma pauperis*.

Rule 24 of the Federal Rules of Appellate Procedure governs this motion, providing that:

A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless [] the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3). For an appeal to be taken in good faith, the appellant must present a non-frivolous issue – that is, one that "makes an arguable legal claim and is based on rational

facts." *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the present case, Petitioner McClendon has identified two alleged errors that he intends to assert on appeal. [Record No. 21] However, neither states an arguable basis in fact or law. In its earlier determination, this Court addressed McClendon's objections to the Magistrate Judge's previous Recommended Disposition, notwithstanding his assertions to the contrary. As noted in the Court's earlier Memorandum Opinion and Order, McClendon's first and second claims have been procedurally defaulted. [Record No. 18, p. 4] Likewise, this Court properly applied the correct federal standard in addressing McClendon's claims of ineffective assistance of counsel. For the reasons stated in Magistrate Judge Ingram's Recommended Disposition, the Court finds that McClendon's claims on appeal are frivolous and not made in good faith.

In *Owens v. Keeling*, 461 F.3d 763, 773- 775 (6th Cir. 2006), the Sixth Circuit outlined the steps for seeking pauper status on appeal when a district court has certified that an appeal would not be taken in good faith. For prisoners, a district court's certification that the appeal is not taken in good faith allows two choices: the prisoner may pay the full filing fee and any relevant costs and proceed on appeal for plenary review, or he may contest the certification decision by filing a motion for leave to proceed as a pauper in the Court of Appeals under Federal Rule of Appellate Procedure 24(a)(3). *Owens*, 461 F.3d at 774. This must be done within thirty days and with supporting documentation, including an affidavit of assets and a six-month certificate of inmate account.

The Court being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 26] is **ADOPTED** and **INCORPORATED** herein by reference.

2. McClendon's motion to proceed *in forma pauperis* [Record No. 22] is **DENIED** based on this Court's determination that the motion is not in good faith pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.

3. McClendon is notified that, within thirty (30) days of service of this Memorandum Order, he may move the United States Court of Appeals for permission to proceed on appeal *in forma pauperis*.

4. The Clerk of Court is **DIRECTED** to forward a copy of this Order to United States Court of Appeals for the Sixth Circuit.

This 19th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge